IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| JONER HUMBERTO VENTURA-CASTILLO, | : : : | CIV. NO. 23-2232 (RMB) |
| Petitioner | : : | **OPINION** |
| v. | : : | |
| STEPHEN KNIGHT, | : : | |
| Respondent | : | |

RENÉE MARIE BUMB, Chief United States District Judge

This matter comes before the Court upon Petitioner Joner Humberto Ventura-Castillo's ("Petitioner") petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Pet." Dkt. No. 1), Respondent's answer to the petition ("Answer" Dkt. No. 7), and Petitioner's reply brief. ("Petr's Reply" Dkt. No. 8). Petitioner challenges the Federal Bureau of Prison's ("BOP") determination that he is ineligible to earn First Step Act ("FSA") time credits based on his firearm conviction under 18 U.S.C. § 924(c). For the reasons discussed below, the Court will transfer the matter to Petitioner's sentencing court to cure want of jurisdiction.

I.   THE PARTIES' ARGUMENTS

Petitioner seeks "saving clause review" over his conviction under 18 U.S.C. § 924(c), using or carrying a firearm in connection with a crime of violence or a drug trafficking crime. (Pet., Dkt. No. 1.) Petitioner contends his conviction is no longer

1

valid under the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). In *Bruen*, the Supreme Court held "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *Id.* at 10.[1] Petitioner further asserts jurisdiction under § 2241 because his § 924(c) conviction renders him ineligible to earn FSA time credits to reduce his term in BOP custody.

Respondent opposes habeas relief on three grounds. (Answer, Dkt. No. 7 at 5-6.) First, Petitioner failed to exhaust administrative remedies under BOP's administrative remedy program. *Id.* Second, Petitioner is ineligible to earn FSA time credits under the plain language of the FSA, 18 U.S.C. § 3632(d)(4)(D)(xxii). *Id.* Third, the Court lacks jurisdiction over Petitioner's challenge to his § 924(c) conviction. (*Id.*)

In his reply brief, Petitioner argues that if the Court declines to address the constitutionality of his § 924(c) conviction under *Bruen*, the Court should hold this case in abeyance until the Third Circuit or United States Supreme Court determines whether *Bruen* renders his § 924(c) conviction invalid.

## II.   DISCUSSION

Petitioner's challenge to BOP's determination that he is ineligible for FSA time credits is dependent on reversal of his § 924(c) conviction. On February 24, 2020, Petitioner pleaded guilty to robbery, aiding and abetting, and using and

---

[1] *Bruen* did not hold 18 U.S.C. § 924(c) unconstitutional.

carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 1951(a) and 924(c)(1)(A)(ii). *Ventura-Castillo*, 17-cr-00345 (S.D. Tex.), Dkt. No. 233.[2] On October 11, 2022, the sentencing court in Texas sentenced Petitioner to a 159-month term of incarceration. *Id.*, Dkt. No. 489.

There are two habeas corpus statutes that provide federal prisoners with avenues for habeas relief, 28 U.S.C. § 2255 and 28 U.S.C. § 2241. *Voneida v. Johnson*, 88 F.4th 233, 236 (3d Cir. 2023) (citing *Jones v. Hendrix*, 599 U.S. 465, 469 (2023)). "[A] federal prisoner seeking to collaterally attack his sentence generally must do so under § 2255 rather than § 2241." *Id.* The saving clause, § 2255(e), bars a federal prisoner from challenging his conviction or sentence under § 2241 unless § 2255 provides an inadequate or ineffective remedy. *Id.* Furthermore, a petitioner may not resort to § 2241 to avoid the gatekeeping provisions on filing a motion under § 2255. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002).

According to the docket in *Ventura-Castillo*, 17-cr-00345 (S.D. Tex.), Petitioner has not brought a motion to vacate, set aside or correct his sentence under § 2255. Judgment on his conviction was entered on October 11, 2022. *Id.*, Dkt. No. 489. There is a one-year statute of limitations for filing a § 2255 motion, running from the latest of four triggering events, including the date on which the judgment of conviction became final. § 2255(f)(1). Petitioner filed his § 2241 petition in this

---

[2] The Court takes judicial notice, under Fed. R. of Evid. 201(b), of the docket in *Ventura-Castillo*, 17-cr-00345 (S.D. Tex.), available at Public Access to Court Electronic Records, www.pacer.gov.

Court on April 21, 2023, within the one-year period for filing a § 2255 motion. Therefore, pursuant to 28 U.S.C. § 1631, the Court will transfer the petition to the U.S. District Court, Southern District of Texas, for consideration as motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, if Petitioner chooses to so proceed.[3]

## III.  CONCLUSION

For the reasons discussed above, the Court construes Petitioner's § 2241 petition as a motion to vacate, set aside or correct sentence under § 2255, and will transfer the matter to the U.S. District Court, Southern District of Texas to cure want of jurisdiction.

An appropriate Order follows.

**DATE:  <u>December 30, 2024</u>**

s/Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge

---

[3] By recharacterizing the § 2241 petition as Petitioner's first § 2255 motion, "any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions" under 28 U.S.C. § 2255(h). *Castro v. United States*, 540 U.S. 375, 383 (2003).  Therefore, upon transfer of this matter to Petitioner's sentencing court for consideration as a § 2255 motion, Petitioner should seek to timely withdraw or amend the petition to raise all claims he may have, to avoid any later § 2255 motions from being barred by the second or successive restrictions on § 2255.